IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN EVANS, ) | |
| ) | Case No. 1:23-cv-1845 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SECURITY CHECK ME, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the plaintiff, JONATHAN EVANS, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against SECURITY CHECK ME, the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JONATHAN EVANS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Zion, County of Lake, State of Illinois.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. SECURITY CHECK ME, (hereinafter, "Defendant"), is a business entity that provides employment screening services to various third-parties.

7. Defendant is registered as an LLC in the State of Texas and has its principal place of business located at 500 West Paisano Dr., El Paso, Texas 79901.

8. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

10. Defendant provided consumer reports regarding Illinois residents to businesses in Illinois seeking to hire those individuals.

11. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## IV. ALLEGATIONS

12. At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

13. Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

14. Among other things, Defendant sells consumer reports to employers who wish to screen job applicants.

15. Some of the consumer reports Defendant sells to employers contain information regarding a job applicant's criminal arrest and conviction history.

16. When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

17. As a consumer reporting agency, when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

18. In January of 2023, Plaintiff applied for a position of employment with Lazer Logistics (hereinafter, "Lazer Logistics").

19. Subsequent to submitting his application of employment to Lazer Logistics, Plaintiff had an interview with a representative from Lazer Logistics.

20. Employment with Lazer Logistics was contingent upon Plaintiff successfully passing a background screening.

21. As part of its routine background check on its prospective employees, Lazer Logistics requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

22. On or about January 27, 2023, Defendant prepared and sold a consumer report to Lazer Logistics, purportedly regarding the character and general reputation of Plaintiff.

23. The aforementioned consumer report contained public record information that indicated that Plaintiff had been convicted of a 2017 felony of Eluding and/or Fleeing Police with Disregard for Safety.

24. Concurrent with the furnishing to Lazer Logistics of a consumer report regarding Plaintiff that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, Defendant was under an obligation to provide notice to Plaintiff of the fact that public record information was being reported about Plaintiff, and further provide notice to Plaintiff of the name and address of the person to whom such information was being reported.

25. Despite the furnishing to Lazer Logistics of a consumer report regarding Plaintiff that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, Defendant failed to concurrently provide notice to Plaintiff that public record information was being reported about Plaintiff.

26. Despite the furnishing to Lazer Logistics of a consumer report regarding Plaintiff that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, Defendant failed to concurrently provide Plaintiff with the name and address of the person to whom such information was being reported.

27. Alternatively, Despite the furnishing to Lazer Logistics of a consumer report regarding Plaintiff that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, Defendant failed to maintain strict procedures designed to ensure that the public record information it reported to Lazer Logistics about Plaintiff was current and complete.

28. Despite its obligations pursuant to the FCRA, Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's character and general reputation to third parties (hereinafter the "inaccurate information").

29. The inaccurate information of which Plaintiff complains is putative convictions for Eluding and/or Fleeing Police with Disregard for Safety.

30. Plaintiff has never been arrested, tried or convicted of any of the offenses that appeared in the background report prepared by Defendant.

31. Specifically, Plaintiff asserts that Defendant mismatched criminal background history with another individual named Jonathan Evans, that he is not said individual, and that he has never been convicted of the offenses as reported by Defendant.

32. Despite the foregoing, Defendant has disseminated consumer reports containing the aforesaid inaccurate information to various third-parties, including Lazer Logistics.

33. The inaccurate information negatively reflects upon Plaintiff and Plaintiff's character and general reputation.

34. The background reports have been and continue to be disseminated to various persons and potential employers, both known and unknown.

35. As of the result of the inaccurate information reported by Defendant to Lazer Logistics, Plaintiff was not offered the position of employment.

36. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of Plaintiff's dispute(s) as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

37. Despite its obligations to comply with the FCRA, Defendant prepared and sold a report purporting to contain information regarding Plaintiff's character and general reputation yet

said report contained information regarding an unknown third party that did not have the same Social Security Number as Plaintiff and did not have the same middle initial as Plaintiff.

38. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to Lazer Logistics and other unknown third parties.

39. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Loss of employment opportunity;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   c. Emotional distress and mental anguish associated with being unable to secure employment.

40. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

41. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

   a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

   b. willfully and negligently failing to provide, concurrent with the furnishing of a consumer report regarding Plaintiff to a prospective employer that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, notice to the consumer Plaintiff of the fact that public record information was being reported about Plaintiff, and failing to provide notice to Plaintiff of the name and address of the person to whom such information was being reported in violation of 15 U.S.C. §1681k(a)(1).

   c. willfully and negligently failing to maintain procedures designed to ensure that the reporting of public record information, which was likely to have an

adverse effect on a Plaintiff's ability to obtain employment, was current and complete, in violation of 15 U.S.C. §1681k(a)(2).

42. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V. JURY DEMAND

43. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JONATHAN EVANS, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Punitive damages;

    d. Plaintiff's attorneys' fees and costs; and,

    e. Any other relief deemed appropriate by this Honorable Court.

                                              Respectfully submitted,
                                              **JONATHAN EVANS**

                                   By:    s/ David M. Marco
                                              Attorney for Plaintiff

Dated: March 24, 2023

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
5250 Old Orchard Rd, Suite 300
Skokie, IL 60077
Telephone:    (312) 546-6539
Facsimile:     (888) 418-1277
E-Mail:        dmarco@smithmarco.com